Comisionado de Seguros de Puerto Rico, demandante y recurrente, *v.* General Accident Insurance Company of Puerto Rico Ltd., demandado y recurrido.

*Número:* CE-92-86          *Resuelto:* 28 de enero de 1993

*Anabelle Rodríguez, Procuradora General, Reina Colón de Rodríguez, Procuradora General Interina*, y *Laura Ydrach Vivoni, Procuradora General Auxiliar*, abogadas del recurrente; *Juan Ramón Miranda Ortiz* y *René Pinto*, de *Cordero, Miranda & Pinto*, abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Nos toca interpretar por primera vez el alcance del Art. 27.162 del Código de Seguros de Puerto Rico, 26 L.P.R.A. 2716b.

## I

El 12 de febrero de 1990 la Sra. Mayra Figueroa presentó una querella ante el Comisionado de Seguros de Puerto Rico (Comisionado) en la cual alega que el 16 de junio de 1989 había presentado una reclamación a la General Accident Insurance Company of Puerto Rico, Ltd.; y que a la fecha de la querella la compañía aseguradora todavía no la había adjudicado. Luego de la investigación correspondiente, mediante una orden emitida el 20 de noviembre de 1990, el Comisionado le impuso una multa de $2,000 a la querellada por violar el Art. 27.162 del Código de Seguros de Puerto Rico, ante, que dispone que un asegurador debe resolver cualquier reclamación dentro de los primeros cuarenta y cinco (45) días después de haberse completado dicha reclamación o luego de noventa (90) días de haberse presentado la misma, si median causas extraordinarias. Determinó el Comisionado que la General Accident Insurance Company of Puerto Rico, Ltd. había violado dicha sección al haberse tardado más de noventa (90) días en resolver la reclamación de la Sra. Mayra Figueroa. Posteriormente, el 19 de abril de 1991, tras la celebración de una vista administrativa, el Comisionado

emitió una resolución en la cual confirmó la orden previamente emitida. En sus determinaciones de hecho el Comisionado concluyó que la querellada no resolvió la reclamación en cuestión hasta el 5 de abril de 1990. Como cuestión de derecho, el Comisionado determinó que el Art. 27.162, ante, dispone que las reclamaciones sometidas a un asegurador deberán resolverse en un término de cuarenta y cinco (45) días después de haberse presentado los documentos necesarios y que dicho período puede extenderse, por causas extraordinarias, hasta noventa (90) días después de presentarse la reclamación. Concluyó el Comisionado que estos términos comienzan a contar desde momentos distintos: el de cuarenta y cinco (45) días comienza a contar desde que se someten todos los documentos necesarios para resolver la reclamación y el de noventa (90) días desde la fecha en que se presentó la reclamación. Resolvió que en el caso de autos la querellada violó esta disposición al decidir sobre la reclamación pasados los noventa (90) días desde que se presentó la misma.

Inconforme, la compañía aseguradora presentó un recurso de revisión ante el Tribunal Superior, en el cual alegó que el aludido término de noventa (90) días comienza a correr desde que se someten todos los documentos necesarios para resolver la reclamación y no desde la fecha en que ésta se presenta. Tras el cumplimiento de los trámites de rigor, el foro de instancia emitió una sentencia mediante la cual revocó la imposición de la multa por entender que el término de noventa (90) días comienza a contar cuando se someten al asegurador todos los documentos necesarios para resolver la reclamación y determinó que en este caso la compañía aseguradora había atendido la reclamación dentro de ese término. Como cuestión de derecho, la sala sentenciadora concluyó: "El estatuto hace claro que el primer plazo de 45 días se cuenta desde el momento en que el reclamante hubiese sometido al asegurador 'todos los documentos que fueren necesarios'. Si ese plazo de 45 días

puede ser *extendido* hasta 90 días en circunstancias extraordinarias, sin permiso del Comisionado, sería absurdo que entonces los 90 días resultantes de esa extensión se fuesen a contar desde la fecha en que la reclamación fue originalmente presentada, pues lo que resultaría en muchos casos no sería una extensión sino un recorte, y el periodo de 90 días podría expirar antes de expirar el de 45, o incluso podría expirar antes que el periodo de 45 hubiese siquiera comenzado a correr, como ocurriría en este caso si aceptáramos la ilógica posición del Comisionado." (Énfasis en el original.) *Exhibit* 1, págs. 3–4.

De dicha sentencia acudió ante nos el Comisionado e hizo el señalamiento de error siguiente:

Cometió error de derecho el Tribunal de instancia al concluir que la General Accident Insurance Company of Puerto Rico, Inc. había adjudicado la reclamación dentro de los términos establecidos en el Art. 27.162 del Código de Seguros, al haber dispuesto de la misma a los 44 días de haberle sometido todos los documentos; cuando había transcurrido en exceso el término máximo de 90 días dispuesto desde que se sometió la reclamación y éste no había solicitado extensión al Comisionado según dispuesto en la ley. Petición de *certiorari*, pág. 4.

## II

En síntesis, la controversia planteada nos requiere determinar si el término de noventa (90) días dispuesto por el Art. 27.162 del Código de Seguros de Puerto Rico, ante, comienza a correr desde que se presentó originalmente la reclamación al asegurador o, en cambio, si es desde que se sometieron al asegurador todos los documentos necesarios para resolver la reclamación.

El Art. 27.162 dispone, en lo pertinente:

(1) La investigación, ajuste y resolución de cualquier reclamación se hará en el período razonablemente más corto dentro de los primeros *cuarenta y cinco (45) días después de haberse sometido al asegurador todos los documentos que fueren necesa-*

*rios para disponer de dicha reclamación.* Sólo cuando medien causas extraordinarias se podrá extender ese primer período, *pero tal extensión nunca podrá exceder el término de noventa (90) días desde la fecha en que se sometió la reclamación.* En aquellos casos en que el asegurador necesite un término adicional a los noventa (90) días, deberá así solicitarse por escrito al Comisionado veinte (20) días antes del vencimiento de dichos noventa (90) días, debiendo también notificarse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está debidamente justificada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera.

(2) El Comisionado en cualquier momento podrá requerir el ajuste y resolución inmediata de cualquier reclamación si considera que se está dilatando o retrasando indebida e injustificadamente la misma. (Énfasis suplido.) 26 L.P.R.A. sec. 2716b.

■ Debe observarse inicialmente que la letra de la ley, de su propia faz, dispone sin ambigüedad que el término en cuestión ha de contarse "desde la fecha en que se sometió la reclamación".[1] Conocido es el fundamental principio de hermenéutica que requiere que se observe la letra de la ley, a menos que la interpretación literal contradiga el propósito del estatuto. Art. 14 del Código Civil, 31 L.P.R.A. sec. 14; *Pueblo v. Tribunal Superior,* 104 D.P.R. 363 (1975); *Román v. Superintendente de la Policía,* 93 D.P.R. 685 (1966). En este caso, el claro tenor literal de la ley coincide con la intención legislativa, según se desprende del historial de la disposición en cuestión.

En octubre de 1976 el Comisionado de entonces propuso a la Asamblea legislativa un anteproyecto de ley que iba dirigido a mitigar el serio problema que encaraba la Ofi-

---

[1] Dicho artículo alude, a la vez, a la fecha en que se hayan *"sometido"* todos los documentos necesarios y a la fecha en que se *"sometió"* la reclamación. Como en un mismo párrafo se usa el vocablo dos (2) veces, debe suponerse que se utiliza en ambos casos con la misma acepción, que sería necesariamente la de "presentar" o "radicar" los documentos y la reclamación.

cina del Comisionado con las numerosas querellas que se recibían allí debido a la falta de resolución y ajuste por parte de las aseguradoras de reclamaciones de asegurados. Dicho anteproyecto se convirtió en el P. de la C. 137 y en el P. del S. 830, primeros antecedentes del Art. 27.162 del Código de Seguros, ante, que leían de la manera siguiente:

> La investigación, tramitación, resolución, ajuste y pago de cualquier reclamación se hará en el período más corto dentro de las primeras cuatro *(4) semanas de haberse sometido.* Sólo cuando medien causas extraordinarias se podrá extender ese primer período, pero tal extensión nunca podrá exceder *del término de noventa (90) días desde la fecha en que es notificada la reclamación.* Disponiéndose que en aquellos casos en que sea necesario un término adicional a los noventa (90) días, deberá así solicitarse al Comisionado diez (10) días antes del vencimiento de dichos noventa (90) días, debiendo también notificarse de ello al reclamante. La solicitud de tiempo adicional no excederá de sesenta (60) días más y sólo se concederá a discreción del Comisionado si es debidamente justificada por la parte solicitante. El Comisionado en cualquier momento podrá requerir el ajuste inmediato de cualquier reclamación si considera que se está dilatando o retrasando indebida e injustificadamente la misma. (Énfasis suplido.)

El memorial explicativo que respaldaba la aprobación de dichos proyectos, en su parte pertinente, señalaba:

> La experiencia de esta Oficina en el trámite de querellas relacionadas con el ajuste de reclamaciones por la industria nos demuestra que gran parte de los problemas que confrontan los asegurados en el ajuste de sus reclamaciones responden a la dilación, y en algunos casos la inacción, de parte de los aseguradores y otros sectores de la industria.
>
> Aunque el actual Artículo 27.161 en unión a la Regla 47 aprobada en 1975 contemplan la corrección de esta situación, entendemos que es necesario establecer mediante ley *un límite máximo de tiempo dentro del cual deberán haberse ajustado las reclamaciones.* Bajo ninguna circunstancia debe entenderse que al establecerse este límite se podrá esperar hasta que se cumpla el mismo para ajustar y pagar las reclamaciones. Previendo, naturalmente, que podrían haber casos que requieran tiempo adicional, se provee para que se pueda extender el tér-

mino para el ajuste. También se salvaguarda el interés de los reclamantes al facultar al Comisionado para requerir el ajuste de cualquier reclamación inmediatamente y en cualquier momento. (Énfasis suplido.)

El 25 de marzo de 1977 el Lcdo. Rolando Cruz, nuevo Comisionado para esa fecha, suscribió un memorando dirigido al Presidente de la Comisión de Comercio e Industria de la Cámara de Representantes en el cual recomendaba unos cambios al referido proyecto. Explicó, en lo pertinente, lo siguiente:

> ...entendemos que *el referido artículo debe enmendarse a los efectos de ampliar a cuarenta y cinco días el primer período que se concede, para disponer una reclamación. Opinamos que el período de cuatro semanas que se concede es muy breve.* En adición, entendemos que la discreción que tiene el Comisionado para conceder un término adicional para el trámite de la reclamación, no debe ser un término inflexible, tal y como se recomienda en este artículo. A esos efectos, recomendamos el que se elimine el período fijo de sesenta días. (Énfasis suplido.)

El 22 de abril de 1977 las Comisiones de Asuntos del Consumidor, de Comercio e Industria y de lo Jurídico Civil de la Cámara de Representantes sometieron a la consideración de ese cuerpo legislativo un informe conjunto mediante el cual recomendaron la aprobación del P. de la C. 137, según enmendado. En dicho informe se indicaba:

> El Artículo 5 adiciona el Artículo 27.162 Capítulo 27 de ley número 77 de 19 de junio de 1957, según enmendada, conocida como Código de Seguros de Puerto Rico. El propuesto artículo, con las enmiendas que sugerimos, *reduciría grandemente la dilación* y la inacción de parte de algunos aseguradores en el proceso de ajuste de reclamaciones. Este artículo establece *un límite máximo de tiempo dentro del cual deberán ajustarse las reclamaciones* a la vez que permite la flexibilidad que requiere el Comisionado de Seguros para proveer tiempo adicional en los casos que lo ameriten. (Énfasis suplido.)

La Cámara de Representantes aprobó el proyecto de ley el 8 de mayo de 1977 de la forma siguiente:

Artículo 27.162 - Término para Disponer de Reclamaciones

La disposición de cualquier reclamación se hará en período razonablemente más corto dentro de los primeros cuarenta y cinco (45) días después de haberse sometido al asegurador todos los documentos que fueren necesarios para disponer de dicha reclamación. Sólo cuando medien causas extraordinarias se podrá extender ese primer período, pero tal extensión nunca podrá exceder el término de noventa (90) días desde la fecha en que se sometió la reclamación, disponiéndose que en aquellos casos en que sea necesario un término adicional a los noventa (90) días, deberá así solicitarse al Comisionado diez (10) días antes del vencimiento de dichos noventa (90) días, debiendo también notificarse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está justificada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera.

Por otro lado, el 6 de febrero de 1979 se radicó en el Senado el P. del S. 830, que era el equivalente al P. de la C. 137 antes aludido. En el informe de 13 de junio de 1979 la Comisión de Gobierno indicó, entre otras cosas, con relación a dicho P. del S. 830 lo siguiente:

Se enmienda el Artículo 27.162 para establecer *un límite máximo de tiempo dentro del cual deberán de haberse ajustado las reclamaciones.* No debe entenderse que al establecerse ese límite de tiempo se debe esperar a que se cumpla el mismo para ajustar y pagar las reclamaciones. *De requerirse tiempo adicional, se provee para la extensión del término* en el Artículo 27.162 que se adiciona al Código de Seguros. (Énfasis suplido.)

Finalmente el proyecto fue aprobado, según la versión del P. del S. 830, y quedó redactado el Art. 27.162 del Código de Seguros de Puerto Rico, ante.

▮ Del examen de este historial surge claramente que la intención legislativa fue establecer *un límite máximo de tiempo dentro del cual debían ajustarse las reclamaciones*

para conjurar la dilación o inacción de parte de los aseguradores y otros sectores de la industria del seguro, dilación o inacción que para esa época presentaba un problema serio a los asegurados. Ese límite máximo era el término de noventa (90) días, contados a partir de la fecha en que se sometía la reclamación al asegurador.

Como bien señala el Comisionado, interpretar que el término de noventa (90) días corre a partir del momento en que se hayan presentado ante el asegurador todos los documentos necesarios para disponer de la reclamación desvirtuaría el claro propósito de esta legislación. Son las propias compañías aseguradoras las que de ordinario le hacen saber al reclamante qué documentos necesitan para poder atender y ajustar una reclamación. Son ellas las que determinan si una reclamación está incompleta y las que deciden qué le han de requerir al asegurado para completar la reclamación y cuándo han de requerírselo. Si el término de noventa (90) días no empieza a correr hasta tanto la compañía aseguradora ha hecho la determinación de que el reclamante ha sometido todos los documentos necesarios, *entonces ese término no es un límite máximo de tiempo*, como el que quiso fijar el legislador, sino más bien un lapso sujeto a la discreción de la propia compañía aseguradora, la cual decide según sus necesidades e intereses cuando le notifica al reclamante los documentos que ella estima propios para completar la reclamación.

■ Reiteradas veces hemos dicho, enfatizando las reglas de hermenéutica legal, que al interpretar una ley nuestra función primordial consiste en lograr que prevalezca su propósito legislativo. *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992); *García Pagán v. Shiley Caribbean, etc.*, 122 D.P.R. 193 (1988); *Passalacqua v. Mun. de San Juan*, 116 D.P.R. 618 (1985).

En el reciente caso *Zambrana Maldonado v. E.L.A.*, ante, pág. 749, señalamos que:

Es por eso que el análisis de la ley debe hacerse teniendo en mente los fines que ésta persigue y de forma tal que la ley se ajuste a la política pública que la inspira. En el proceso de interpretación no debemos desvincularla del problema cuya solución persigue, pues tenemos "el deber de hacer que el derecho sirva propósitos útiles y evitar una interpretación tan literal que lleve a resultados absurdos". *Pacheco v. Vargas, Alcaide,* 120 D.P.R. 404, 409 (1988). Véanse: *Passalacqua v. Mun. de San Juan,* supra; R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico,* 2da ed., San Juan, Pubs. J.T.S., 1987, Vol. I, Caps. 36, 39 y 40.

En este caso, para que prevalezca el propósito legislativo y para que la interpretación sirva un fin útil vinculado al problema cuya solución se persigue, es menester concluir que el término de noventa (90) días corre desde el momento cuando se presenta la reclamación. De otro modo, el término que prescribe la ley, sujeto como quedaría en realidad al control del propio asegurador, no sería un límite máximo de tiempo. Una interpretación de tal índole del Art. 27.162 del Código de Seguros de Puerto Rico, ante, no sólo derrotaría el claro mandato legislativo, sino que haría inoperante la solución que quiso dársele al problema de las demoras e inacción de las compañías aseguradoras, ya que continuaría estando en manos de ellas cuándo disponer de una reclamación mediante su facultad de determinar cuando la misma está completa.

Para terminar, debe señalarse que la interpretación que hemos formulado del citado Art. 27.162 del Código de Seguros de Puerto Rico es la que surge no sólo de la letra clara de la ley y de su incuestionable historial legislativo sino que es, además, la que ha hecho la propia agencia administrativa encargada del cumplimiento de dicho artículo. Hemos resuelto repetidamente que merece *deferencia substancial* la interpretación del organismo al cual le compete administrar un estatuto y que tal interpretación no necesita ser la única razonable para que merezca esa deferencia; basta con que sea razonable y compatible

con el propósito legislativo.(²) *Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992); *De Jesús v. Depto. Servicios Sociales*, 123 D.P.R. 407 (1989); *Srio. D.A.C.O. v. J. Condóminos C. Martí*, 121 D.P.R. 807 (1988); *Asoc. Médica de P.R. v. Cruz Azul*, 118 D.P.R. 669 (1987); *Tormos & D.A.C.O. v. F.R. Technology*, 116 D.P.R. 153 (1985); *A.R.P.E. v. Ozores Pérez*, 116 D.P.R. 816 (1986); *M & V Orthodontics v. Negdo. Seg. Empleo*, 115 D.P.R. 183 (1984); *Rubin Ramírez v. Trías Monge*, 111 D.P.R. 481 (1981). El Comisionado no sólo promovió la legislación en cuestión sino que es, además, la agencia especializada que mejor conoce el asunto sobre el cual trata este caso. Su interpretación nos merece deferencia substancial, sobre todo en vista de que el problema que le preocupó a la sala sentenciadora de que en determinados casos los noventa (90) días máximos que fija la ley podrían expirar antes de que haya transcurrido el otro término de cuarenta y cinco (45) días que también ésta fijó, de ocurrir, se resolvería sencillamente solicitando del Comisionado que extienda el período de los noventa (90) días, si ello es razonable, tal como lo dispone el propio Art. 27.162.

Por todo lo antes expuesto, *se dictará sentencia que revoque la emitida por el Tribunal Superior, Sala de San Juan, el 16 de diciembre de 1991, y se ordena que se deje en vigor la resolución del Comisionado de 19 de abril de 1991.*

---

(²) Debe quedar claro que la norma de dar deferencia a la interpretación que hace una agencia de la ley o el reglamento que esté bajo su administración es de *hermenéutica*, que de ningún modo afecta el *alcance* de la facultad de revisión de los tribunales. Cualquier conclusión de derecho de una agencia es revisable judicialmente en todos sus aspectos (3 L.P.R.A. sec. 2175), pero entre los criterios y fundamentos que el tribunal puede considerar y dar peso al hacer su revisión está la propia interpretación de la agencia.