COMISIONADO DE SEGUROS DE PUERTO RICO, demandante y recurrido, *v.* ANTILLES INSURANCE COMPANY, demandada y peticionaria.

*Número:* CC-96-480          *Resuelto:* 2 de abril de 1998

*Carlos R. Ríos Gautier* y *Ramón A. Cancio*, abogados de la peticionaria Ruth Martínez; *Edda Serrano Blasini, Subprocuradora General*, y *Carmen Z. Martínez Ortiz, Procurador General Auxiliar*, abogadas del recurrido.

EL JUEZ PRESIDENTE SEÑOR ANDRÉU GARCÍA emitió la opinión del Tribunal.

Recientemente interpretamos el alcance del Art. 27.162 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2716b, al resolver que el término de noventa (90) días dispuesto por éste para "la investigación, ajuste y resolución" de reclamaciones comienza a contarse desde la presentación original de la reclamación por parte de un asegurado. *Com. Seguros P.R. v. Gen. Accident Ins. Co.*, 132 D.P.R. 543 (1993). En esta ocasión nos corresponde resolver el alcance de la frase "investigación, ajuste y resolución", según es usada en ese mismo artículo.

## I

El 5 de julio de 1994 la parte peticionaria, Antilles Insurance Company (en adelante Antilles), recibió dos (2) reclamaciones de la asegurada, G.P. Industries, por hechos ocurridos el 10 y 15 de junio de 1994, las cuales estaban relacionadas con daños a un vehículo de su propiedad asegurado por Antilles. Reclamaciones Núms. 928-94 y 929-94. Tras realizar las investigaciones correspondientes, el 21 de julio de 1994 (dieciséis (16) días después de haber sido presentadas las reclamaciones), Antilles le remitió a G.P. Industries "una Carta de Pago y Subrogación" por las cantidades de ciento cincuenta y seis dólares con veintiocho centavos ($156.28) y ciento ochenta y nueve dólares con ochenta y cuatro centavos ($189.84), como ajuste de

cada una de las reclamaciones. En esa misma fecha también le envió una "Carta de Pago y/o Relevo" para cada reclamación, en la cual le informó a la asegurada que, tan pronto fueran firmadas y devueltas a su oficina, le remitiría los pagos correspondientes a los ajustes. Pasado casi un mes y medio (1 1/2) desde su primera comunicación y sin haber recibido ninguna de las "Cartas de Pago y/o Relevo", el 8 de septiembre de 1994 Antilles le envió a G.P. Industries otra carta para requerir que firmara y devolviera las "Cartas de Pago y/o Relevo", para así proceder con el pago de las reclamaciones.

El 10 de octubre de 1994, habiendo ya expirado los noventa (90) días que dispone el Art. 27.162 del Código de Seguros de Puerto Rico, *supra*, para la resolución de reclamaciones sin que G.P. Industries le hubiera devuelto las cartas enviadas, Antilles solicitó al Comisionado de Seguros de Puerto Rico que le concediera una prórroga para la "investigación, ajuste y resolución" de cada una de las reclamaciones en cuestión. El 21 y 29 de octubre de 1994 el Comisionado de Seguros de Puerto Rico emitió dos (2) órdenes[1] mediante las cuales le concedió a Antilles veinte (20) días para resolver las reclamaciones pendientes y le impuso dos (2) multas administrativas de cuatrocientos dólares ($400) cada una por no haber resuelto las reclamaciones de G.P. Industries dentro del término ordenado por el Código de Seguros de Puerto Rico. Finalmente, el 9 de noviembre de 1994 y el 29 de marzo de 1995 G.P. Industries devolvió las cartas correspondientes a las reclamaciones Núms. 929-94 y 928-94, respectivamente. Al día siguiente de recibir cada una de ellas, Antilles expidió los cheques para el pago de las reclamaciones.

Ante el Comisionado de Seguros de Puerto Rico, Antilles solicitó una reconsideración de las sanciones impuestas y una vista administrativa que se celebró posteriormente. El

---

[1] Se siguieron procedimientos separados para cada reclamación. Casos Núms. C-94-496 y C-94-517.

22 de abril de 1995, el Comisionado de Seguros de Puerto Rico emitió sendas resoluciones en los Casos Núms. C-94-496 y C-94-517, en las que ratificó las multas impuestas. Presentada oportunamente una moción de reconsideración, ésta fue declarada "no ha lugar" mediante Resolución de 16 de julio de 1995. Inconforme, Antilles interpuso un recurso de revisión ante el Tribunal de Primera Instancia, Sala Superior de San Juan, el cual denegó la expedición del auto solicitado. De tal denegatoria recurrió Antilles ante el Tribunal de Circuito de Apelaciones, cuyo foro dictó una sentencia en la cual revocó el dictamen emitido por el Tribunal de Primera Instancia. El Comisionado de Seguros de Puerto Rico solicitó la reconsideración, la cual fue acogida por el Tribunal en su Sentencia de 10 de octubre de 1996, al confirmar la sentencia del Tribunal de Primera Instancia.

Antilles recurrió ante este Tribunal para plantear la comisión de los errores siguientes:

> (1) El Tribunal de Circuito de Apelaciones erró al aplicar a la peticionaria una regla sobre la investigación, ajuste y resolución de la reclamación de su asegurada que no se desprende con claridad de lo dispuesto en el Artículo 27.162(1) del Código de Seguros y que es contraria a la intención legislativa conforme al historial de dicho artículo según fue decidido por este Honorable Tribunal en el caso de *Comisionado de Seguros v. General Accident Insurance Co.*, 93 JTS 10.
>
> (2) El Tribunal de Circuito de Apelaciones erró, además, al sostener las multas impuestas a la peticionaria por el Comisionado de Seguros a pesar de que las mismas constituyen una penalidad que no debe imponerse cuando la regla en que se apoya no surge con claridad del estatuto y este es además ambiguo, sin que la letra del Artículo 27.162(1) concuerde con la intención legislativa. Petición de *certiorari*, págs. 8–9.

Ambas partes en este caso están de acuerdo con que para cumplir con el Art. 27.162(1) del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2716b(1),[2] la aseguradora a

---

[2] El Art. 27.162(1) del Código de Seguros de Puerto Rico dispone:

la que se le presenta una reclamación tiene que hacer la investigación pertinente a los hechos por los cuales se reclama, notificar al asegurado el ajuste o valorización de la pérdida y resolver la reclamación dentro del término máximo de noventa (90) días desde la presentación de la reclamación. Pero en cuanto a esta última etapa —la resolución de la reclamación— las partes no han alcanzado un consenso. Por un lado, el Comisionado de Seguros de Puerto Rico sostiene que la resolución no se logra con la mera notificación escrita de una oferta al asegurado. Es necesario que se obtenga la aceptación escrita del asegurado a esta oferta. Escrito para mostrar causa, pág. 6. Por otro lado, Antilles plantea que la resolución se logra una vez el asegurador notifique al asegurado el ajuste de la reclamación, desde luego, tras haberlo discutido con el asegurado conforme a la costumbre prevaleciente en la industria y sujeto a que no incurra en alguna de las prácticas desleales enumeradas en el Art. 27.161 del Código de Seguros de Puerto Rico, 26 L.P.R.A. sec. 2716a. Petición de *certiorari*, pág. 10.

## II

Al examinar el historial legislativo del Art. 27.162 del Código de Seguros de Puerto Rico, *supra*, en *Com. Se-*

---

"(1) La investigación, ajuste y resolución de cualquier reclamación se hará en el período razonablemente más corto dentro de los primeros cuarenta y cinco (45) días después de haberse sometido al asegurador todos los documentos que fueren necesarios para disponer de dicha reclamación. Sólo cuando medien causas extraordinarias se podrá extender ese primer período, pero tal extensión nunca podrá exceder del término de noventa (90) días desde la fecha en que se sometió la reclamación. En aquellos casos en que el asegurador necesite un término adicional a los noventa (90) días, deberá así solicitarse por escrito al Comisionado veinte (20) días antes del vencimiento de esos noventa (90) días, debiendo también notificarse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está debidamente justificada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera."

*guros de P.R. v. Gen. Accident Ins. Co.*, supra, págs. 550–551, sostuvimos:

> ... surge claramente que la intención legislativa fue establecer *un límite máximo de tiempo dentro del cual debían ajustarse las reclamaciones* para conjurar la dilación o inacción de parte de los aseguradores y otros sectores de la industria del seguro, dilación o inacción que para esa época presentaba un problema serio a los asegurados. Ese límite máximo era el término de noventa (90) días, contados a partir de la fecha en que se sometía la reclamación del asegurador. (Énfasis en el original.)

▆▆▆ Interpretar que el término establecido por este artículo requiere que el asegurado haya prestado su consentimiento *escrito* a la oferta notificada por el asegurador antes de que su reclamación se entienda como resuelta, nada aporta a esta intención. Lo que se pretende con esta pieza legislativa es que las empresas aseguradoras sean diligentes en la tramitación de reclamaciones, para así proteger a los asegurados de la mala fe y dilación de los aseguradores. Por esta razón, *cuando es la propia inacción y dejadez del asegurado lo que impide la resolución final de una reclamación, no podemos, tal como pretende el Comisionado de Seguros de Puerto Rico, sostener la imposición de sanciones a una empresa aseguradora que ha actuado con diligencia y buena fe en el cumplimiento de aquellos pasos que están a su alcance.* Por lo tanto, resolvemos que una reclamación se entiende como resuelta una vez la empresa aseguradora notifica a su asegurado el ajuste final de la reclamación que le fue presentada. Claro que, para que se entienda como hecha la notificación, la oferta de la aseguradora tiene que ser razonable; cuestión que, en caso de alguna controversia entre las partes, el Comisionado de Seguros de Puerto Rico lo resolverá. De resolver éste que la oferta hecha por la aseguradora es irrazonable, no se entenderá que la aseguradora ha cumplido con su responsabilidad.

▆▆▆ Al llegar a esta determinación, tomamos en

cuenta las normas de revisión judicial que prevalecen en el campo del derecho administrativo, tanto en cuanto a la revisión de conclusiones de derecho como en cuanto a la revisión de la facultad de imponer sanciones. Respecto a la primera, la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2175, establece que los tribunales podrán revisar las conclusiones de derecho en todos sus aspectos. No obstante, como regla general, los tribunales le reconocen gran peso y deferencia a las interpretaciones hechas por la agencia administrativa encargada de poner en vigor una legislación, salvo en aquellas situaciones cuando la interpretación administrativa resulte irrazonable e incompatible con el propósito legislativo, afecte derechos fundamentales o conduzca a la comisión de injusticias. *Calderón v. Adm. Sistemas de Retiro*, 129 D.P.R. 1020 (1992). Véanse, también: D. Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, Colombia, Ed. Forum, 1993, págs. 5044–5050; *De Jesús v. Depto. Servicios Sociales,* 123 D.P.R. 407 (1989); *Srio. D.A.C.O. v. J. Condóminos C. Martí*, 121 D.P.R. 807 (1988), y otros.

Como ya hemos señalado, en este caso no podemos brindar deferencia a la interpretación hecha por el Comisionado de Seguros de Puerto Rico. A pesar de que en *Com. Seguros P.R. v. Gen. Accident Ins. Co.*, supra, reconocimos que es este funcionario el encargado de poner en vigor la ley en cuestión y que fue el mismo Comisionado de Seguros de Puerto Rico quien la promovió, la interpretación que ha adoptado en esta ocasión resulta ser irrazonable e incompatible con los propósitos expuestos.

■    Respecto a la revisión de la facultad para imponer sanciones, los tribunales también le han reconocido mucha discreción a las agencias administrativas en la selección de las medidas que le ayuden a cumplir los objetivos de las leyes cuya administración e implantación se les ha dele-

gado, siempre que actúen dentro del marco de su conocimiento especializado y de la ley.[3] En estos casos, la revisión judicial no será para determinar si la sanción impuesta guarda proporción con la conducta por la cual se impone la sanción ni si la sanción es demasiado fuerte. Esta evaluación corresponde hacerla a la propia agencia, que por su experiencia especializada es quien está en la mejor posición para conocer los efectos de una violación a los intereses protegidos y cuya agencia, al mismo tiempo, asegura cierto grado de uniformidad y coherencia en la imposición de sanciones. *Kulkin v. Bergland*, 626 F.2d 181 (1er Cir. 1980). En estos casos, la revisión judicial se limitará a evitar que las agencias actúen en forma ilegal, arbitraria, en exceso de lo permitido por ley o en ausencia de evidencia sustancial que justifique la medida impuesta, de modo que se evidencie una actuación caprichosa o en un abuso de discreción por parte de la agencia. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 D.P.R. 425 (1997). Véanse, también: Fernández Quiñones, *op. cit.*, págs. 414–423, 503–505 y 520–524; *Com. of Mass., DPW v. Secretary of Agriculture*, 984 F.2d 514 (1er Cir. 1993); *Ferguson v. U.S. Dept. of Agriculture*, 911 F.2d 1273 (8vo Cir. 1990); *Parker v. U.S. Postal Service*, 819 F.2d 1113 (Fed. Cir. 1987).

En este caso procede que revoquemos la sanción impuesta por el Comisionado de Seguros de Puerto Rico por la inexistencia de evidencia que la justifique, y más aún

---

[3] Por ejemplo, en el ámbito federal el Tribunal Supremo de Estados Unidos estableció la norma de revisión siguiente: "The fashioning of an appropriate and reasonable remedy is for the Secretary, not the court. The court may decide only whether under the pertinent statute and relevant facts, the Secretary made 'an allowable judgement in (his) choice of remedy'". *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 188–189 (1973); *Siegel Co. v. Trade Comm'n*, 327 U.S. 608, 612 (1946). De modo que si la decisión administrativa está basada en evidencia sustancial, no es *ultra vires* y, además, guarda un nexo razonable con la conducta que se quiso prohibir, los tribunales brindarán deferencia a la medida impuesta por las agencias. Véanse, además: B. Schwartz, *Administrative Law*, 3ra ed., Boston, Ed. Little, Brown and Co., 1991, Sec. 10.21, págs. 663–665; *Com. of Mass., DPW v. Secretary of Agriculture*, 984 F.2d 514 (1er Cir. 1993); *Parker v. U.S. Postal Service*, 819 F.2d 1113 (Fed. Cir. 1987).

cuando consideramos que la agencia de seguros Antilles fue diligente en la tramitación de las querellas que le fueron presentadas por G.P. Industries y que cualquier dilación en el pago de dichas reclamaciones se debió a la inacción de su asegurada.

## III

A los dieciséis (16) días de haber recibido en sus oficinas las reclamaciones de G.P. Industries, Antilles le envió a su asegurada las "Cartas de Pago y Subrogación" y "Cartas de Pago y/o Relevo", en las cuales le indicaba el ajuste final de las reclamaciones y el paso que se habría de seguir para que fueran expedidos los pagos correspondientes. Le tocaba entonces a G.P. Industries el paso siguiente: firmar las cartas y devolverlas a Antilles para que ésta le pagara el ajuste. No obstante, ante la inacción de su asegurada, Antilles le envió una segunda notificación en la que le recordó la necesidad de firmar y devolver los referidos documentos. La buena fe de Antilles para resolver esta reclamación también se hizo evidente cuando solicitó al Comisionado de Seguros de Puerto Rico una prórroga, aun cuando ya había cumplido oportuna y razonablemente con su obligación.

Debe quedar claro, sin embargo, que el dictamen al cual hemos llegado en este caso no aplicaría a aquellos casos en los cuales la aseguradora hace una oferta que no es razonable y el asegurado se ve en la necesidad de rechazar lo ofrecido, creándose de este modo una disputa que dé lugar a que se demore la resolución de la reclamación. Por tal motivo, en tales casos se justificaría la imposición de una sanción por el Comisionado de Seguros de Puerto Rico.

No obstante, en el caso de autos esa no fue la situación. Los hechos del caso de marras demuestran que la aseguradora actuó de buena fe; oportunamente, hizo una oferta que finalmente fue aceptada por su asegurada. De hecho,

la asegurada de nada se ha quejado ya que, como bien indica Antilles, no tiene de que quejarse puesto que fue su propia conducta la que produjo la demora por la que se multó a Antilles. Por lo tanto, tal multa no puede sostenerse.

Por las razones antes expuestas, *se dictará sentencia para revocar la sentencia dictada por el Tribunal de Circuito de Apelaciones y, en consecuencia, se dejarán sin efecto las resoluciones emitidas por el Comisionado de Seguros, mediante las cuales impuso a la empresa aseguradora Antilles Insurance Company las dos (2) multas administrativas señaladas.*

El Juez Asociado Señor Corrada Del Río se inhibió.