SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

## TRIBUNAL DE CIRCUITO DE APELACIONES
## REGIÓN JUDICIAL DE SAN JUAN
## PANEL II

DOLLY COLÓN MALDONADO
Recurrida

v.

WILFREDO RIVERA ÁLVAREZ
Recurrente

Núm. KLRA-04-00193

San Juan, Puerto Rico, a 6 de mayo de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
la Juez Pabón Charneco y el Juez Rivera Martínez

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

### I

La parte recurrente, Richard Rivera h/n/c Global Development y la corporación Paso Seco Country Club, Corp. ("*Paso Seco*") solicita la revisión de una resolución emitida el 2 de diciembre de 2003 por el Departamento de Asuntos del Consumidor ("*D.A.C.O.*").

Mediante el dictamen en cuestión, el D.A.C.O. declaró con lugar una querella presentada contra los recurrentes por la parte recurrida Dolly Colón Maldonado. El procedimiento ante la agencia está relacionado a un proyecto para el desarrollo de una urbanización en el Barrio Paso Seco de Santa Isabel. Paso Seco es la promotora de dicho proyecto, llamado Paso Seco Country Club. Paso Seco vendía los solares de la urbanización. La venta era llevada a cabo por Property World, Inc. ("*Property World*"), una compañía de bienes raíces.

Por su parte, el Sr. Rivera contrataba la construcción de viviendas en los solares, ofreciendo a los compradores la selección entre varios modelos de viviendas.

La recurrida fue al lugar en junio de 2001. En ese momento, los solares se hallaban marcados, pero todavía no se habían colocado los postes del alumbrado eléctrico. Luego de tener la oportunidad de observar los solares de la urbanización, la recurrida otorgó una opción sobre el solar número 3. Este era un solar de 1000 metros con frente a la calle. La recurrida pagó un pronto de $3,000.00. El precio acordado de venta fue de $37,500.00.

Posteriormente, el 31 de agosto de 2001, la recurrida compró el solar por el precio acordado. La transacción fue financiada por RG Mortgage. La recurrida tampoco fue apercibida en este momento de que su propiedad pudiera estar afecta a alguna servidumbre.

La recurrida contrató con el Sr. Rivera para la construcción de una residencia Miliangie modelo Reina, la que tenía un acceso vehicular en semicírculo.

El 16 de noviembre de 2001, la recurrida acudió al solar en compañía de un familiar a quien quería enseñarle la propiedad. En ese momento, la recurrida se percató que frente a su solar se había colocado un poste de energía eléctrica con un tensor que ocupaba 22 pies del frente de la propiedad. Dicho poste imposibilitaba que se construyera el acceso vehicular deseado por la recurrida. Ésta reclamó al Sr. Rivera, quien le señaló que la ubicación del poste era una determinación de la Autoridad de Energía Eléctrica.

El 19 de diciembre de 2001, la recurrida reclamó al Sr. Rivera la remoción del poste o el intercambio de su solar. El recurrente no contestó dicha comunicación.

En vista de lo anterior, la recurrida procedió a instar la presente querella ante el D.A.C.O. contra el recurrente Rivera, quejándose de que nunca se le había informado que el solar adquirido por ella estaba gravado con una servidumbre a favor de la Autoridad de Energía Eléctrica que impedía la construcción del modelo de

casa que la recurrida había contratado.

La recurrida enmendó posteriormente su querella para incluir como partes querelladas a Palo Seco, Property World y a RG Mortgage.

Luego de otros incidentes, el D.A.C.O. celebró una vista evidenciaria. Las partes tuvieron la oportunidad de presentar evidencia testifical y documental en apoyo de sus respectivas posiciones.

El 2 de diciembre de 2003, el D.A.C.O. emitió la resolución recurrida declarando con lugar la querella.

En su resolución, el D.A.C.O. determinó que la recurrida en ningún momento había sido informada que la propiedad que ella estaba adquiriendo habría de estar gravada con una servidumbre y que habría de contener en su frente un poste de alumbrado con tensores. El D.A.C.O. observó que, de haber conocido lo anterior, la recurrida no hubiese adquirido la propiedad.

La agencia expresó que:

*"La carga o servidumbre existía desde antes de la venta del terreno. No obstante, el mismo no era aparente, pues el terreno no contaba con el poste de luz instalado y mucho menos el tensor que se extiende a 22 pies del mismo."*

[E]l inconveniente no es el poste, sino el tensor de 22 pies, el cual nunca se menciona en ningún documento ni escritura ni estaba aparente al momento del otorgamiento de las escrituras ni tampoco se le comunicó a la querellante.

El hecho de que el poste del tenido eléctrico tiene un tensor que se extiende a 22 pies y nunca se le notificó a la querellante con antelación, le ha causado daños a ésta, ya que se ha visto imposibilitada de construir la casa que tenía planificada. En adición, no se le dio la opción de escoger otro terreno que estaban disponibles para aquel momento.

Paso Seco Country Club Corp. conocía que el terreno #3 escogido por la querellante estaba gravado con una servidumbre de la Autoridad de Energía Eléctrica, el cual consistiría de un poste en frente con un tensor, dato que nunca le informaron a la querellante.

El D.A.C.O. concluyó que Palo Seco era responsable ante la recurrida por la situación y ordenó a dicha parte hacer las gestiones y asumir los costos para sustituir el poste colocado por la Autoridad de Energía Eléctrica por otro de tipo *"self-standing"* que no tuviera tensores. En su defecto, el D.A.C.O. ordenó a Paso Seco a comprar el terreno de la recurrida por el valor pagado por ésta, asumiendo el costo de las escrituras.

En su resolución, el D.A.C.O. también determinó que tanto Paso Seco como el Sr. Rivera habían incumplido los requisitos de la Ley de la Oficina del Oficial de la Construcción, Ley Núm. 130 de 13 de junio de 1967, 17 L.P.R.A. secs. 501 y ss., al omitir registrarse como urbanizador y constructor y obtener la licencia correspondiente, 17 L.P.R.A. sec. 505. El D.A.C.O. refirió a dichas partes a la división de fiscalización a los efectos de considerar la imposición de multas por el incumplimiento mencionado.

El D.A.C.O. desestimó, de otro modo, la querella contra Property World, RG Mortgage y el Sr. Rivera.

Las partes recurrentes solicitaron reconsideración de dicho dictamen, la que fue denegada por el D.A.C.O. el 8 de marzo de 2004.

Insatisfechas, las partes recurrentes acudieron ante este Tribunal.

## II

En su recurso, los recurrentes plantean la comisión de numerosos errores por el D.A.C.O., dirigidos más bien a cuestionar las determinaciones de hechos de la agencia.

Nuestra facultad de revisión en el campo administrativo, sin embargo, es limitada. Según la doctrina establecida por el Tribunal Supremo de Puerto Rico, las decisiones de los organismos administrativos especializados han de recibir deferencia por los tribunales, presumiéndose su corrección. La revisión judicial de las mismas se circunscribe a determinar si la agencia en el caso particular actuó arbitraria, ilegalmente, o de manera tan irrazonable que su actuación constituyó un abuso de discreción. *Rivera Concepción v. A.R.P.E.,* 152 D.P.R. ___ (2000), **2000 J.T.S. 155,** a la pág. 160; *Mun. de San Juan v. J.C.A.,* 149 D.P.R. 263, 280 (1999); *Franco v. Depto. de Educación,* 148 D.P.R. 703, 709 (1999); *Misión Ind. P.R. v. J.P.,* 146 D.P.R. 64, 134 (1998); *Henríquez v. Consejo de Educación Superior,* 120 D.P.R. 194, 210 (1987); *Murphy Bernabe v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975).

Por el contrario, si las interpretaciones de la agencia especializada son razonables y consistentes con el propósito legislativo que inspiran los estatutos directivos, el tribunal debe abstenerse de intervenir con las mismas. *Costa, Piovanetti v. Caguas Expressway,* 149 D.P.R. 881, 889 (1999); *Misión Ind. P.R. v. J.P.,* 146 D.P.R. a la pág. 133 (1998); *Com. Seg. P.R. v. Antilles Ins. Co.,* 145 D.P.R. 226, 234 (1998); *Rivera Rentas v. A & C Development Corp.,* 144 D.P.R. 450, 461 (1997).

La intervención judicial con las actuaciones administrativas, de este modo, ha de centrarse en tres aspectos principales: (1) si el remedio concedido fue apropiado, (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba y (3) si las conclusiones de derecho del organismo administrativo son correctas. 3 L.P.R.A. sec. 2175; *P.R.T.C. v. J. Reg. Tel. de P.R.,* 151 D.P.R. ___ (2000), **2000 J.T.S. 98,** a la pág. 1,266; *Misión Ind. P.R. v. J.P.,* 146 D.P.R. a la pág. 129 (1998); *Mun. de San Juan v. J.C.A.,* 149 D.P.R. a la pág. 279, 280; *Rivera v. A & C Development Corp.,* 144 D.P.R. a las págs. 460-461.

En cuanto a las determinaciones de hecho formuladas por una agencia, la norma reiterada es que los tribunales no deben intervenir con las mismas si están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Asoc. Vec. H. San Jorge v. U. Med. Corp.,* 150 D.P.R. 70, 75 (2000); *Domínguez v. Caguas Expressway Motors,* 148 D.P.R. 387, 397-398 (1999); *T-JAC, Inc. v. Caguas Centrum Limited,* 148 D.P.R. 70, 80-81 (1999); *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 D.P.R. 425, 437 (1997); véase, además, 3 L.P.R.A. sec. 2175.

La evidencia sustancial para sostener la actuación administrativa es aquélla que una mente razonable puede aceptar como adecuada para sostener una conclusión. La intervención del Tribunal está limitada a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. Si existe más de una interpretación razonable de los hechos, los tribunales sostendrán la decisión de la agencia y no sustituirán su criterio por el de ésta. Al revisar las determinaciones de hechos, la evidencia debe ser considerada en su totalidad. *Asoc. Vec. H. San Jorge v. U. Med. Corp.,* 150 D.P.R. a la pág. 75; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 D.P.R. a la pag. 437; *Hilton Hotels International v. Junta de Salario Mínimo,* 74 D.P.R. 670, 687 (1953).

En el caso de autos, hemos examinado la decisión recurrida, a la luz de los argumentos levantados en el recurso y los documentos sometidos por las partes recurrentes y no hallamos que el D.A.C.O. hubiera errado en su decisión.

En el presente caso, según hemos visto, el D.A.C.O. determinó que la recurrida no había sido informada de

la ubicación del poste en el frente de su propiedad, el cual impedía a la recurrida construir el modelo de residencia interesado por ella. El D.A.C.O. determinó que, de haber conocido esta situación, la recurrida no hubiera comprado el solar.

El Art. 1372 del Código Civil de Puerto Rico dispone que si una finca vendida *"estuviese gravada, sin mencionarlo la escritura con alguna carga o servidumbre no aparente, de tal naturaleza que deba presumirse que no la habría adquirido el comprador si la hubiera conocido, podrá pedir la rescisión del contrato, a no ser que prefiera la indemnización correspondiente"*. 31 L.P.R.A. sec. 3840.

Los recurrentes sostienen que el solar adquirido por la recurrida no estaba gravado por servidumbre alguna, por lo que ellos no venían obligados a informar a la recurrida de lo anterior.

Nuestro ordenamiento reconoce la existencia de servidumbres legales de paso, entre otras, aquéllas dedicadas a permitir el mantenimiento de líneas eléctricas. 27 L.P.R.A. sec. 2151.

Los recurrentes señalan que en el presente caso la servidumbre en cuestión nunca fue reclamada por la Autoridad de Energía Eléctrica.

Lo cierto es que la existencia del poste constituye una carga sobre la propiedad y una alteración en las circunstancias principales del bien adquirido. De haber conocido la recurrida de lo anterior, no habría adquirido la propiedad.

El Art. 1217 del Código Civil establece que el consentimiento para un negocio es nulo cuando el mismo se ha producido por error, violencia, intimidación o dolo. 31 L.P.R.A. sec. 3404; véase, e.g., *Colón v. Promo Motor Imports*, 144 D.P.R. 659, 666 (1997).

En tales casos, la parte afectada cuenta con una acción para solicitar la nulidad del contrato, la cual puede ser ejercitada en un período de cuatro (4) años a partir de la celebración del negocio o desde que ha cesado la violencia o intimidación contra dicha parte. 31 L.P.R.A. sec 3512.

Existe dolo cuando una parte es inducida a celebrar el contrato mediante maquinaciones insidiosas, 31 L.P.R.A. sec. 3408; por ejemplo, cuando se le oculta a la parte compradora la existencia de una circunstancia que pudiese constituir un defecto oculto en el objeto vendido y entregado. *Márquez v. Torres Campos*, 111 D.P.R. 854, 871 (1982); véanse, además, *Colón v. Promo Motor Imports, Inc.*, 144 D.P.R. a la pág. 667; *Acosta & Rodas, Inc. v. PRAICO*, 112 D.P.R. 583, 617 (1982); *Canales v. Pan American*, 112 D.P.R. 329, 338-342 (1982); *Miranda Soto v. Mena Eró*, 109 D.P.R. 473, 478 (1980).

El dolo puede inferirse de las circunstancias presentes en el caso en particular. *Colón v. Promo Motor Imports, Inc.*, 144 D.P.R. a la pág. 669; *Canales v. Pan American*, 112 D.P.R. a la pág. 340.

Cuando es meramente incidental, el dolo sólo da lugar a la indemnización de los daños y perjuicios ocasionados, 31 L.P.R.A. sec. 3409. No obstante, si afecta la formulación del consentimiento por la parte, el dolo se considera grave y da lugar a la nulidad de la obligación; *Colón v. Promo Motor Imports, Inc.*, 144 D.P.R. a la págs. 667-668.

Por otro lado, un error tiene el efecto de invalidar el consentimiento cuando recae *"sobre la sustancia de la cosa que fuere objeto del contrato, o sobre aquellas condiciones de la misma que principalmente hubiesen dado motivo a celebrarlo"*. 31 L.P.R.A. sec. 3405; véanse, *Girod Lube v. Ortiz Rolón*, 94 D.P.R. 406, 414-415 (1967); *Capó Caballero v. Ramos*, 83 D.P.R. 650, 671 (1961); cf. *Unisys v. Ramallo Brothers*, 128 D.P.R. 842, 853 (1991).

En la situación de autos, la existencia del poste constituia una carga sobre la propiedad que impide a la recurrida la construcción del modelo de casa interesado por ésta. No estimamos que el D.A.C.O. hubiera errado al concluir que la parte recurrente venía obligada a eliminar dicha carga, sustituyendo el poste por uno que no tuviera los tensores o, en la alternativa, decretándose la resolución del negocio.

Los recurrentes plantean que el D.A.C.O. erró al descansar en el testimonio de la recurrida, la que mintió en su versión de los hechos. No estamos, sin embargo, en posición de sustituir la apreciación de la agencia sobre la veracidad del testimonio de las partes. El D.A.C.O. fue quien tuvo ante sí a los testigos y estaba en una mejor posición que este Tribunal para adjudicar la credibilidad que le merecía cada uno. Véanse, *Colón y otros v. K-Mart y otros*, 154 D.P.R. ___ (2001), **2001 J.T.S. 98**, a la pág. 1,484; *Orta v. Padilla*, 137 D.P.R. 927, 937 (1995); *Rodríguez Oyola v. Machado Díaz*, 136 D.P.R. 250, 258 (1994);

La parte recurrente plantea que el D.A.C.O. erró al concluir que a dichas partes les era de aplicación la Ley de la Oficina del Oficial de la Construcción, 17 L.P.R.A. secs. 501 y ss. Alegan que su participación en el proyecto fue más bien casual, ya que no se dedican consuetudinariamente a la venta o desarrollo de terrenos y que tampoco han vendido el número de lotes contemplado por la Ley para su aplicación. 17 L.P.R.A. sec. 502.

No está claro que el D.A.C.O. hubiera errado en su apreciación sobre el alcance de las actividades de los recurrentes. En cualquier caso, este asunto no afectaría el remedio dispuesto a favor de la recurrida, sino más bien la actuación de la agencia de ordenar que las recurrentes fuesen referidos a la división de fiscalización para la posible imposición de multas.

No vemos motivo para intervenir con la resolución recurrida por este fundamento, sin perjuicio de que los recurrentes puedan renovar su planteamiento posteriormente, de resultar sancionadas por la agencia, por su omisión de obtener una licencia bajo la citada Ley de la Oficina del Oficial de la Construcción.

Por los fundamentos expresados, se deniega el auto solicitado.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General