Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| PR ASSET PORTFOLIO 2013-1 INTERNATIONAL, LLC<br><br>Apelado<br><br><br>v.<br><br><br>ONE ALLIANCE INSURANCE CORPORATION<br><br>Apelante | KLAN202300653 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: SJ2019CV10806<br><br>Sobre: Seguros-Incumplimiento Aseguradoras Huracanes Irma/María |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 7 de mayo de 2024.

Comparece la parte apelante, One Alliance Insurance Corporation, mediante el recurso de epígrafe y nos solicita la revocación de la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 7 de junio de 2023, notificada el 8 del mismo mes y año. Mediante dicho dictamen, el foro primario declaró Ha Lugar una solicitud de sentencia sumaria parcial promovida por la parte apelada, PR Asset Portfolio 2013-1 International, LLC. En su consecuencia, ordenó el pago del *2nd Claim Submission* a favor de esta última, relacionado al ajuste de las propiedades ubicadas en la región judicial de Ponce.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado. Veamos.

## I

PR Asset Porfolio 2013-1 International, LLC., (PRAPI o apelado), aseguró con One Alliance Insurance Corporation (One Alliance o apelante), un conglomerado de propiedades sitas en varias regiones de Puerto Rico. El 2 de octubre de 2017, PRAPI presentó ante su aseguradora One Alliance

una reclamación por los daños y perjuicios que sufrió a consecuencia del paso del huracán María por Puerto Rico. Debido a que la reclamación de PRAPI involucraba múltiples propiedades, se acordó con One Alliance atender la reclamación en tres fases que denominaron *1st, 2nd, and 3rd Claim Submissions.*

One Alliance y PRAPI, a través de sus representantes y ajustadores, realizaron las inspecciones de las propiedades incluidas en la reclamación. Luego de evaluadas las propiedades, el 17 de noviembre de 2017, PRAPI sometió a One Alliance el *1st Claim Submission* y, el 6 de enero de 2018, el *2nd Claim Submission*. En consecuencia, One Alliance le envió a PRAPI el ajuste con relación a las propiedades objeto del *1st Claim Submission* y parte de las propiedades del *2nd Claim Submission*.

Posteriormente, One Alliance le envió a PRAPI dos (2) cheques como pago del ajuste del *1st Claim Submission*. Sin embargo, el 20 de junio de 2019, One Alliance le envió una carta a PRAPI retractándose del ajuste efectuado con relación al *2nd Claim Submission*. Como justificación para el retracto, expuso que albergaba dudas sobre el interés asegurable de PRAPI en alguna de las propiedades incluidas en la reclamación y solicitó que se le devolviera una porción de lo que había pagado como parte del ajuste del *1st Claim Submission*.

Al no poder llegar a un acuerdo, el 6 de septiembre de 2019, PRAPI presentó una *Demanda* por incumplimiento de contrato de seguro, mala fe y acción declaratoria en contra de One Alliance.[1] Posteriormente, el 12 de febrero de 2020, PRAPI presentó una *Demanda Enmendada* en la que solicitó que se le ordenara a One Alliance a pagar las partidas reclamadas por esta en sus Declaraciones de Pérdida correspondiente a las propiedades del *2nd Claim Submission* ubicadas en la región judicial de Ponce, las cuales fueron ofrecidas, acordadas y aceptadas, por la cantidad de $592,221.23, más intereses y daños. Solicitó, además, el pago por las pérdidas reclamadas y cubiertas correspondientes a las propiedades

---

[1] Exhibit I del recurso, págs. 1-18.

restantes ubicadas en la región judicial de Ponce y comprendidas en *el 2nd and 3rd Claim Submission*, estimadas en una suma no menor de $389,518.24, más intereses; daños estimados en no menos de $1,000,000.00; la imposición de costas, gastos y honorarios de abogado por temeridad y violaciones al Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 *et seq.* (Código de Seguros), en una suma no menor de $200,000.00; así como daños punitivos. A su vez, le solicitó al tribunal que declarara que los pagos realizados en el *1st Claim Submission* eran finales, finiquitados y/o transados, por lo cual no procedía la devolución de suma alguna a One Alliance.[2]

El 22 de marzo de 2020, One Alliance presentó su *Contestación a Demanda Enmendada*.[3] En la misma, solicitó que se declarara No Ha Lugar la *Demanda* incoada por PRAPI. De igual forma, solicitó que el tribunal declarara que PRAPI había sido temerario al hacer alegaciones de mala fe y señalamientos de actuaciones ilegales, conociendo o debiendo conocer, que el cobro de lo indebido tenía como consecuencia la obligación de la devolución de lo indebidamente cobrado. Consecuentemente, y al amparo de dicho razonamiento, adujo tener derecho a la devolución de lo indebidamente cobrado, así como a la deducción de lo pagado por error de hecho y cobrado indebidamente. Por otro lado, esbozó que la parte apelada actuó en contra de sus propios actos cuando señaló como ilegal una deducción que la misma parte sugirió por conducto de sus representantes.

Luego de varias instancias procesales, el 22 de febrero de 2021, One Alliance presentó una *Reconvención* en contra de PRAPI.[4] Mediante esta, le solicitó al tribunal: (1) declarar No Ha Lugar la *Demanda Enmendada* incoada por PRAPI; (2) declarar Ha Lugar la *Reconvención* en todos los extremos; y (3) el pago de costas y honorarios de abogado. De igual forma, alegó que PRAPI cometió fraude bajo la norma establecida por

---

[2] Exhibit II del recurso, págs. 19-41.
[3] Exhibit III del recurso, págs. 42-67.
[4] Exhibit IV del recurso, págs. 68-77.

el Código de Seguros, *supra*, al igual que ocultó información y realizó falsas representaciones sobre las propiedades en cuestión.

En respuesta, el 15 de marzo de 2021, PRAPI presentó una *Réplica a Reconvención.*[5] En síntesis, esbozó que concerniente al pago emitido por One Alliance respeto al *1er Claim Submission*, se había constituido la doctrina de pago en finiquito. Asimismo, arguyó que One Alliance estaba impedido de retractarse de los ajustes y ofertas emitidas respecto al *1st and 2nd Claim Submission,* aceptadas por PRAPI. Igualmente, sostuvo que One Alliance incumplió con múltiples disposiciones del Código de Seguros, *supra*.

Culminado el descubrimiento de prueba, el 11 de julio de 2022, PRAPI instó una *Moción de Sentencia Sumaria Parcial.*[6] En la misma, solicitó que se le ordenara a One Alliance a emitir el pago sobre los ajustes del *2nd Claim Submission* y que realizara el ajuste sobre las propiedades restantes. Arguyó que One Alliance estaba impedida de retractarse de los ajustes que realizó del *1st Claim Submission* y parte del *2nd Claim Submission*, como también de los acuerdos a los que llegaron las partes a raíz de ellos. Por tanto, solicitó que se declarara que no tenía que devolverle a One Alliance el dinero que recibió para finalizar la reclamación de las propiedades del *1st Claim Submission.* De igual forma, planteó que la jurisprudencia establecía que One Alliance estaba obligada a emitir el pago de los $1,493,856.59, ligado a parte de las propiedades incluidas en el *2nd Claim Submission*. Argumentó que el Código de Seguros, supra, y la jurisprudencia aplicable le brindaron a One Alliance el plazo de noventa (90) días para culminar el ajuste de la totalidad de las propiedades y que la aseguradora incumplió dicho término, toda vez que no había ajustado la reclamación de las propiedades en el *3rd Claim Submission* y algunas del *2nd Claim Submission*.

---

[5] Exhibit V del recurso, págs. 90-104.
[6] Exhibit X del recurso, págs. 1164-1194.

Por lo antes expuesto, PRAPI solicitó al foro primario que le ordenara a One Alliance a completar el proceso de pago, y que le pagara las sumas restantes de forma inmediata. Asimismo, solicitó que se dictara Sentencia Sumaria Parcial: (1) Declarando que la anulación de las pólizas fue inválida; (2) Declarando que One Alliance no se podía retractar de los ajustes y ofertas del *1st Claim Submission* y parte del *2nd Claim Submission*; (3) Ordenando a One Alliance a pagarle la suma de $115,828.59 referente al ajuste y la oferta de las propiedades del *2nd Claim Submission* sitas en Ponce; (4) Ordenando a One Alliance a culminar el ajuste de las propiedades incluidas en parte del *2nd Claim Submission* y la totalidad del *3rd Claim Submission* en un término perentorio; y (5) Ordenando a One Alliance a pagarle inmediatamente la suma que surgiera del ajuste de las propiedades incluidas en parte del *2nd Claim Submission* y la totalidad del *3rd Claim Submission*.

Por su parte, el 22 de agosto de 2022, One Alliance presentó su *Oposición a "Solicitud de Sentencia Sumaria" y "Relación de Hechos Materiales Incontrovertidos Apoyando la Solicitud de Sentencia Sumaria".*[7] En síntesis, sostuvo que existían controversias relacionadas a los elementos de intención y el patrón de conductas fraudulentas que, a su vez, repercutieron en el portafolio objeto de litigio y los acuerdos pactados entre las partes. Enfatizó como hechos controvertidos los siguientes: (1) la falta de cooperación de PRAPI al ocultarle información solicitada durante la investigación de su reclamación; (2) la falta de titularidad de PRAPI sobre las propiedades reclamadas; (3) la reserva del interés asegurable una vez PRAPI enajenó las propiedades de su patrimonio; (4) el engaño de este al sobrevalorar las propiedades; (5) la devaluación del inventario de PRAPI.

Evaluadas las posturas de las partes, el 7 de junio de 2023, notificada el 8 del mismo mes y año, el Tribunal de Primera Instancia emitió la *Sentencia Parcial* que nos ocupa, mediante la cual declaró Ha Lugar la

---

[7] Exhibit XI del recurso, págs. 1195-1245.

solicitud de sentencia sumaria parcial presentada por PRAPI.[8] Mediante dicho dictamen, se ordenó el pago del *2nd Claim Submission* relacionado al ajuste de las propiedades ubicadas en la región judicial de Ponce por esta ser una deuda líquida, vencida y exigible. Asimismo, le concedió a One Alliance un término de 30 días para concluir, conforme al Código de Seguros y el derecho aplicable, los procesos de ajuste de las propiedades ubicadas en la región judicial de Ponce.

El foro primario determinó que las partes habían acordado proceder con la reclamación al seguro en tres partes por los daños ocasionados por el huracán María. En cuanto al *1st Claim Submission*, concluyó que ninguna de las propiedades de dicha reclamación está ubicada en la región judicial de Ponce. Del *2nd Claim Submission*, resolvió que ocho propiedades correspondían a la región judicial de Ponce. Expresó, además, que el 29 de mayo de 2019 PRAPI sometió a One Alliance un *Proof of Loss* debidamente jurado y firmado para el *2nd Claim Submission.* Por lo tanto, determinó que, conforme a nuestro ordenamiento jurídico, One Alliance realizó un ajuste y ofreció pagarle a PRAPI la cantidad indicada en el comprobante de pérdida. Abundó que, de esta forma, dicha cantidad se constituyó en una deuda líquida, vencida y exigible.

Por otro lado, el foro apelado determinó que One Alliance tenía la obligación de ser diligente y levantar cualquier reclamación en contra de PRAPI en el momento que realizó la investigación de la reclamación, no posteriormente. Asimismo, indicó que One Alliance no presentó evidencia de circunstancias extraordinarias que demostrara que le fue imposible descubrir el alegado fraude en el proceso de una investigación diligente.

En desacuerdo, el 23 de junio de 2023, One Alliance presentó una *Reconsideración*,[9] la cual fue declarada No Ha Lugar por el foro primario el 28 del mismo mes y año.[10]

---

[8] Exhibit XIII del recurso, pags. 1486-1541.
[9] Exhibit XIII del recurso, págs. 1542-1555.
[10] Exhibit XIV del recurso, pág. 1556.

Inconforme con dicha determinación, el 31 de julio de 2023, la parte apelante acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

> ERRÓ EL TPI AL DECLARAR *HA LUGAR* LA SENTENCIA SUMARIA VIOLANDO EL DEBIDO PROCESO DE LEY, CUANDO EL TRIBUNAL NO TIENE CERTEZA SOBRE LOS HECHOS EN CONTROVERSIA QUE SURGEN DE LA RECONVENCIÓN, PENDIENTE SIN HABERSE CELEBRADO JUICIO EN SU FONDO.
>
> ERR[Ó] EL TPI AL DECLARAR HA LUGAR LA SUMARIA CUANDO EXISTE CONTROVERSIA RESPECTO A ELEMENTOS SUBJETIVOS, DE INTENCIÓN, PROPÓSITOS MENTALES O NEGLIGENCIA EN CUANTO A LA OCULTACIÓN DE INFORMACIÓN; FALSAS REPRESENTACIONES Y FRAUDE DE PRAPI.
>
> ERRÓ EL TPI AL DECLARAR *HA LUGAR* LA SENTENCIA SUMARIA, SIN CONSIDERACIÓN DE LA LEY ENTRE LAS PARTES: EL ACUERDO QUE PREVIO AL PAGO Y OFERTA DE PAGO PARCIAL DEL *1ST CLAIM SUBMISSION* Y EL *2ND CLAIMS SUBMISSION, [sic]* PRAPI SUSCRIBIÓ ACEPTANDO QUE ONE ALLIANCE SE RESERVABA EL DERECHO A INVOCAR LAS CLÁUSULAS Y CONDICIONES DEL CONTRATO DE SEGURO, EN CUALQUIER MOMENTO.

En cumplimiento con nuestra *Resolución* del 9 de agosto de 2023, y luego de una prórroga a esos efectos, el 2 de octubre de 2023, la parte apelada compareció mediante *Alegato de la Parte Apelada*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, ráp ida y económica de un caso. *Serrano Picón v. Multinational Life Ins.*, 2023 TSPR 118, 212 DPR 981 (2023); *Oriental Bank v. Caballero García*, 2023 TSPR 103, 212 DPR 671 (2023); *González Meléndez v. Mun. San Juan et al.*, 2023 TSPR 95, 212 DPR 601(2023); *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR 335 (2023); *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho

mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra, pág. 8; *Pérez Vargas v. Office*

*Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos

prevalece la parte promovida. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al.*

*v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Picón v. Multinational Life Ins.*, supra; *González Meléndez v. Mun. San Juan et al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Econo y otros*, supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.*, supra.

**B**

El negocio de seguros se encuentra revestido de un alto interés público por el rol vital que juega esa industria en la sociedad y economía. *OCS v. Universal*, 187 DPR 164, 174 (2012). El contrato de seguro es aquel

mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable de producirse un suceso incierto previsto en el mismo. 26 LPRA sec. 102. Al suscribir un contrato de seguros, los aseguradores "asumen la carga económica de los riesgos transferidos a cambio de una prima". *Coop. Ahorro y Créd. Oriental v. S.L.G.*, 158 DPR 714, 721 (2003). Ante ello, es evidente que el propósito de todo contrato de seguro es la indemnización y la protección en caso de producirse el suceso incierto previsto en este. *S.L.G. Francis-Acevedo v. SIMED*, 176 DPR 372, 384 (2009).

El Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 *et seq.* (Código de Seguros), regula las prácticas comerciales de esta industria. Uno de los renglones mayormente regulado por dicho estatuto es el perteneciente a las prácticas desleales y fraude en el negocio de los seguros. 26 LPRA secs. 2701-2740; *Carpets & Rugs v. Tropical Reps,* 175 DPR 615, 632 (2009); *Comisionado de Seguros v. PRIA*, 168 DPR 659, 671 (2006). Como parte de las prácticas desleales detalladas allí, se encuentran aquellas relacionadas al ajuste de reclamaciones. *Carpets & Rugs v. Tropical Reps,* supra, pág. 632. El Artículo 27.161 del Código de Seguros, 26 LPRA sec. 2716a, regula el ajuste de las reclamaciones e incluye una larga lista de actos que se considerarán como prácticas desleales.

A su vez, el Código de Seguros, *supra*, establece los términos que tienen las aseguradoras para completar el ajuste de reclamaciones presentadas por sus aseguradas. En específico, el Artículo 27.162 del Código de Seguros, 26 LPRA sec. 2716b, dispone lo siguiente:

> (1) La investigación, ajuste y resolución de cualquier reclamación se hará en el período razonablemente más corto dentro de noventa (90) días después de haberse sometido al asegurador la reclamación.

> (2) En el caso de que un asegurador no pueda resolver una reclamación en el término establecido en el inciso (1) de esta sección, deberá mantener en sus expedientes los documentos que acrediten la existencia de justa causa para exceder el término anteriormente dispuesto.

(3) El Comisionado en cualquier momento podrá ordenar la resolución inmediata de cualquier reclamación si considera que se está dilatando o retrasando indebida e injustificadamente la resolución de la misma.

En *Com. Seguros P.R. v. Gen. Accident Ins. Co.*, 132 DPR 543, 551 (1993), el Tribunal Supremo de Puerto Rico estableció que el término máximo de noventa (90) días para la resolución de una reclamación se contará a partir del momento en que el asegurado presenta la reclamación.

De igual forma, nuestro ordenamiento jurídico ha reconocido que una reclamación se entiende resuelta una vez la aseguradora notifica a la persona asegurada el ajuste final de la reclamación presentada. Sin embargo, la aseguradora cumple con su obligación cuando la oferta es razonable. Conforme a ello, de existir controversia sobre el ajuste, el Comisionado de Seguros tendrá que decidir. *Carpets & Rugs v. Tropical Reps*, supra, pág. 632.

Al momento de evaluar una reclamación, es obligación de la aseguradora realizar una investigación diligente que incluya: (1) determinar si el evento damnificador ocurrió durante la vigencia de la póliza; (2) determinar si la persona asegurada reclamante tenía un interés asegurable; (3) determinar si la propiedad damnificada es aquella descrita en las declaraciones; (4) confirmar si las perdidas reclamadas no están sujetas a exclusiones de riesgos, e (5) investigar si el daño fue causado por negligencia de un tercero, de modo tal que la aseguradora pueda subrogarse en los derechos de resarcimiento de su asegurada. Véase, R. Cruz, *Derecho de Seguros*, San Juan, Pubs. JTS, 1999, Sec. 20.3, págs. 237-238. No es hasta que la aseguradora evalúa todos estos aspectos, que se encuentra en posición para resolver una reclamación de forma final.

Se ha reconocido que una reclamación puede ser resuelta de forma definitiva de las siguientes maneras: (1) emitiendo el pago total de la reclamación; (2) expresando la denegatoria escrita y fundamentada de la reclamación; o (3) mediante la notificación de una oferta razonable que no es otra cosa que el estimado de los daños que hace la aseguradora. *Carpets & Rugs v. Tropical Reps*, supra, pág. 634. Si la aseguradora elige

cumplir con su obligación mediante el envío de una oferta razonable, la oferta constituye el estimado de la aseguradora sobre los daños sufridos por la persona asegurada. Por tanto, la aseguradora está notificando que, después de una investigación diligente, un análisis de los hechos que dieron lugar a la pérdida, un examen de la póliza y sus exclusiones, así como un estudio realizado por la persona ajustadora de reclamaciones de la aseguradora, concluyó que la póliza cubre los daños reclamados en las cantidades incluidas en la comunicación. *Íd.*, pág. 635.

Cónsono con lo anterior, la aseguradora no puede retractarse del ajuste que la ley la obligó a enviar a su asegurada. Únicamente se permiten excepciones, cuando la persona reclamante actúa fraudulentamente o existen circunstancias extraordinarias que la aseguradora no pudo descubrir, a pesar de que realizó una investigación diligente.

En cuanto al fraude, es norma reiterada que no se presume. *Pardo v. Sucn. Stella*, 145 DPR 816, 825 (1998). El mismo debe ser demostrado por la parte promovente con certeza razonable, esto es, con preponderancia de la evidencia que satisfaga la conciencia del juzgador. *González v. Quintana*, 145 DPR 463 (1998). En virtud de ello, nuestro más Alto Foro razonó que permitirle a la aseguradora retractarse del ajuste sin que estén presentes las excepciones, circunvalaría el término en el que está obligado a investigar y resolver la reclamación, causando incertidumbre en las personas aseguradas. Siendo así, la aseguradora podría cumplir artificialmente con el término impuesto en el Código de Seguros, *supra,* para evitar sanciones y poder retractarse de los daños que estimó originalmente. Además, se le impondría la carga a la persona asegurada de litigar partidas que la aseguradora encontró procedentes inicialmente. *Íd.*, págs. 635-636.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En su primer señalamiento de error, One Alliance esgrimió que el Tribunal de Primera Instancia incidió al declarar Ha Lugar la moción de sentencia sumaria promovida por PRAPI, violando así el debido proceso de ley, cuando este no tenía certeza sobre los hechos en controversia que surgían de la reconvención pendiente sin haberse celebrado un juicio en su fondo. No le asiste la razón.

Sabido es que la presentación de una reconvención no exime a la parte demandada de tener que presentar una oposición a la solicitud de sentencia sumaria promovida por la parte contraria, mediante la cual contrarrestara puntualmente las razones por las cuales el pleito no podía resolverse por la vía sumaria.

Es un principio básico del derecho procesal que, para derrotar una solicitud de sentencia sumaria, la parte que se opone a la misma debe contestar los hechos presentados por la parte promovente de forma detallada y específica, con documentos que, en efecto, refuten sustancialmente los hechos. Como bien arguye la parte apelada en su alegato, la parte oponente tiene la obligación de controvertir con evidencia los hechos que entiende se encuentran en controversia. No obstante, en este caso, One Alliance no presentó ningún documento en su oposición a la solicitud de sentencia sumaria que controvirtiera la finalidad de los ajustes hechos sobre las emisiones de pago. En su escrito, se limitó a decir que los ajustes eran parciales. One Alliance tampoco presentó prueba alguna que demostrara que PRAPI incurrió en prácticas proscritas en la póliza. Por consiguiente, el error señalado no se cometió.

En su segundo señalamiento de error, One Alliance arguye que el foro primario erró al declarar Ha Lugar la solicitud de sentencia sumaria presentada por PRAPI, aun cuando existía controversia respecto a los elementos subjetivos de intención, propósitos mentales o negligencia en cuanto a la ocultación de información, falsas representaciones y fraude por parte de PRAPI. Tampoco le asiste la razón.

Este planteamiento intenta abordar nuevamente la alegación de fraude que One Alliance hizo en su reconvención. Sobre este particular, debemos enfatizar que es norma reiterada que, bajo los contratos de seguros, las ofertas emitidas por la compañía aseguradora son una manera de resolver de forma definitiva una reclamación. Igualmente, se ha establecido que una aseguradora no puede retractarse del ajuste que informó a la persona asegurada. En el caso de autos, la reclamación de PRAPI fue dividida en tres etapas: *1st, 2nd and 3rd Claim Submission*. No hay controversia en que, sobre el *1st and 2nd Claim Submission*, surgió una oferta por parte de One Alliance que fue aceptada por PRAPI. En particular, One Alliance notificó que, después de una investigación diligente, la póliza en cuestión cubría los daños reclamados por PRAPI por una cantidad cierta, por la cual emitió la oferta que ahora pretende no pagar alegando fraude. Luego de evaluar exhaustivamente el expediente ante nos, colegimos que la cantidad ofrecida en dicho documento constituye una deuda líquida, vencida y exigible. Por tanto, One Alliance no podía negarse a emitir el pago del *1st and 2nd Claim Submission* de las propiedades ajustadas una vez fue aceptado por PRAPI.

El momento para levantar cualquier defensa al respecto, era cuando se realizó la investigación de la reclamación y el ajuste, no posteriormente. Nuestro ordenamiento jurídico ha enfatizado en múltiples instancias que, al emitir una oferta, la aseguradora debió haber sido diligente y haber realizado una investigación sobre la reclamación incoada. Por otro lado, One Alliance no demostró la existencia de circunstancias extraordinarias que le fueran imposibles descubrir al momento del ajuste. La decisión del foro primario se fundamentó esencialmente en: (1) la controversia sobre la falta de interés asegurable por la omisión de las propiedades reclamadas en los reportes mensuales; (2) sobre la alteración de los valores al sobrevalorar las propiedades reclamadas y devaluarlas con posteridad al ajuste; y (3) el planteamiento sobre la violación del deber de PRAPI de cooperar con la aseguradora. Las tres alegaciones hechas por One Alliance

imputaban fraude por parte de PRAPI. No obstante, no fueron fundamentadas ni avaladas con prueba durante el proceso judicial. Ante ello, concurrimos con la determinación del foro de instancia en declarar Ha Lugar la solicitud de sentencia sumaria presentada por PRAPI. Por tal razón, el segundo señalamiento de error no se cometió.

Finalmente, como tercer señalamiento de error, One Alliance estableció que el foro primario erró al declarar Ha Lugar la moción de sentencia sumaria, sin consideración de la ley entre las partes: el acuerdo que, previo al pago y oferta de pago parcial del *1st and 2nd Claim Submission*, PRAPI suscribió aceptando que One Alliance se reservara el derecho a invocar las cláusulas y condiciones del contrato de seguro, en cualquier momento. No le asiste la razón.

En primer lugar, la ley entre las partes no puedo ir en contra de la ley, la moral y el orden público. Nuestro más Alto Foro judicial ha establecido claramente la norma jurídica en cuanto a los contratos de seguros, particularmente cuando una compañía aseguradora hace una oferta. Es conocido que, previo a la oferta, la compañía de seguros debe hacer una investigación diligente. Es en ese momento que se debe alzar bandera sobre la ocurrencia de cualquier instancia de fraude, no posteriormente, como la aquí apelante intenta hacer.

Por otro lado, al revisar las cláusulas del contrato de seguros en cuestión, apreciamos que la cláusula que establece la recisión del contrato "en cualquier momento" era una relacionada a una imputación de fraude. La existencia de fraude no pudo ser probada por One Alliance, ni fue planteada propiamente con prueba en la oposición presentada a la sentencia sumaria. La cláusula que permitía invocar las cláusulas y condiciones del contrato de seguros que nos ocupa era una pertinente al descubrimiento de fraude, hecho que no fue probado por One Alliance de forma oportuna. En conclusión, el tercer y último error señalado tampoco se cometió.

En virtud de lo anterior, conforme a nuestro ordenamiento jurídico actual y evaluado *de novo* el expediente ante nos, procede confirmar la *Sentencia Parcial* apelada.

**IV**

Por los fundamentos antes expuestos, confirmamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones